UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21506-KMM

ELENA V. PERNAS,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Petitioner Elena Pernas's Motion for Summary Judgment [D.E. 20].  For the reasons developed below, the motion is denied.

**I.  BACKGROUND**

This is an action between an insurance company and its insured over whether appraisal is appropriate to resolve the parties' dispute.  Petitioner Elena Pernas seeks to compel appraisal of losses suffered at two of her properties, while Respondent Scottsdale Insurance Company ("Scottsdale") opposes appraisal on the grounds that it is unavailable in this case.  As relief, Pernas requests a declaratory judgment, an order compelling appraisal, and attorney's fees and costs.

Scottsdale issued a named-peril commercial property insurance policy to Pernas covering commercial properties located at 221 N.W. 7th Avenue, Miami, Florida 33128, and 211 N.W. 7th Avenue, Miami, Florida 33128.  [D.E. 21 ¶ 1].  The policy contains an appraisal provision, which states in pertinent part:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

E.   **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions . . . .

2.   **Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select and umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree they will submit their differences to the umpire. A decision agreed to by any two will be binding . . . . If there is an appraisal, we will still retain our right to deny the claim.

[D.E. 20-1]. The policy also includes certain provisions on the insured's duties in the event of loss or damage, such as "tak[ing] all reasonable steps to protect the Covered Property from further damage" and "[c]ooperat[ing] . . . in the investigation or settlement of the claim." [*Id.*]

Pernas alleges that in September 2011 the 221 and 211 buildings suffered significant water damage. She maintains the damage was caused by accidental water discharge from cracked or broken pipes. [D.E. 21 ¶ 3]. On that basis, Pernas filed an insurance claim for the losses sustained at the two buildings.

Scottsdale began an investigation of the claim, assigning the same claim number to both properties. [*Id.* ¶ 4]. The insurance company's inspectors determined that the 221 building was damaged in part by water damage, as Pernas claimed. [D.E. 24-5]. This cause of loss is covered under the policy. At the same time, the inspectors found that the 221 building was also damaged in part as a result of wear and tear; long-term decay and deterioration of building materials; settling, cracking, shrinking or expansion of building materials; and faulty, inadequate or defective workmanship, repair and/or construction, materials and/or maintenance. [D.E. 24-5].

2

These causes of loss would not be covered under the policy. Upon completion of its investigation, Scottsdale sent Pernas a check for $35,257.21 representing the covered portion of the claimed damage. [*Id*. ¶ 15].

While Scottsdale covered part of the damage to the 221 building, it refused to cover any of the damage to the 211 building. It did so on two grounds. First, Scottsdale concluded that the loss to the 211 building was the result of wear and tear; long-term decay and deterioration of building materials; settling, cracking, shrinking or expansion of building materials; and faulty, inadequate or defective workmanship, repair and/or construction, materials and/or maintenance—causes expressly excluded under the policy, as explained above. [D.E. 24-4]. Second, Scottsdale determined that Pernas failed to comply with her post-loss obligations under the policy to protect the property from further damage and cooperate in the investigation of the claim. [D.E. 24-4].

After Scottsdale refused to submit to appraisal, Pernas filed this action for non-monetary relief. Count I of the complaint asks for a declaratory judgment establishing that the parties' disagreement is ripe for appraisal. [D.E. 1-2]. Count II asks for an order compelling appraisal. [*Id*.] And Count III asks for a declaratory judgment that the loss suffered at the 211 building was caused by a peril covered under the policy. [*Id*.]

Pernas now moves for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a

3

court should deny summary judgment." *Tyson Foods, Inc.*, 121 F.3d at 646 (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a motion for summary judgment, the court must view all of the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Id*.

## III.     DISCUSSION

The issue presented is whether appraisal is appropriate in this case. Before the Court can answer that question, however, it must first determine whether the losses claimed by Pernas are covered under the policy, for only then is appraisal available.

Under Florida law, appraisal is not available to resolve coverage disputes. *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010). "Appraisal exists for a limited purpose—the determination of 'the amount of the loss.'" *Citizens Prop. Ins. Corp. v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014) (quoting *Citizens Prop. Ins. Corp. v. Mango Hill 6 Condo. Ass'n*, 117 So. 3d 1226, 1230 (Fla. 3d DCA 2013)). Once the court establishes that the losses are covered by a policy, then those losses may be appraised." *Id*. (citation omitted). Indeed, appraisal is premature where there is a disputed issue of fact regarding coverage and where the trial court fails to "resolve this dispute of fact with competent evidence to support its determination of coverage." *Id*; *see also Johnson v. Nationwide Mutual Ins. Co.,* 828 So.2d 1021, 1025–26 (Fla. 2002). Proper procedure requires that coverage defenses be addressed "by motion for summary judgment or trial." *Id*.

Pernas argues that all coverage issues have been resolved and that this dispute is ripe for appraisal. In seeking to compel appraisal, she maintains that the two properties constitute one property under the policy. In that way, she contends, if coverage is found for a loss to any of the

4

two buildings, as it was here for the water damage to the 221 building, then that loss determination applies to the other building, and what remains is simply a dispute over the amount of loss, which should be referred to appraisal. Otherwise, Pernas reasons, a policyholder making a claim for water damage to a home would have to file separate claims for the dwelling, any appurtenant structures, or personal property. For Pernas, coverage is not building specific, but loss specific—unless each building is insured under a separate policy. In Pernas's view, this is a dispute over the amount of loss, not coverage.

Scottsdale, on the other hand, opposes appraisal, claiming that critical issues regarding coverage remain. The insurer rejects Pernas's characterization of the two buildings as one property. According to Scottsdale, even though they are insured under the same policy, each property is its own entity, subject to potentially unique coverage issues. So, Scottsdale argues, because it completely denied coverage for the losses to the 211 building, appraisal of those losses is not available. Scottsdale concludes that appraisal is appropriate only after the causation and post-loss obligation issues underlying its denial of coverage of the 211 building are resolved. For Scottsdale, this is a dispute over coverage, not the amount of loss.

The Court must reject Pernas's position for summary judgment purposes. Pernas's argument rests on a reading of the policy under which the two buildings are one property for purposes of coverage. In support, Pernas points out that the two buildings are insured under the same policy and that Scottsdale assigned the same claim number to both. This Court is unpersuaded. As the Fourth District Court of Appeal observed in another, though analogous, context,

> A distinction must be made between a policy which speaks in terms of a lump-sum obligation or value of the property and one which separately schedules different items of property. In the latter case, each separately treated item of property is in effect covered by a separate contract of insurance and the amount

5

> recoverable with respect to a loss affecting such property is determined independently of other items of property.

*Florida Ins. Guar. Ass'n v. B.T. of Sunrise Condo. Ass'n, Inc.*, 46 So. 3d 1039, 1042 (Fla. 4th DCA 2010) (citing *Anderson Mattress Co. v. First State Ins. Co.*, 617 N.E. 2d 932 (Ind. App. 5th Dist. 1993)). In *Sunrise*, for example, the appeals court held that hurricane damage to seven buildings covered under a single property insurance policy gave rise to seven separate "covered claims" against the insurance company. *Id.* The court reasoned that each building was separately listed on the policy's declarations page, with separate coverage and premiums amounts assigned to each, rather than an aggregate value for all seven buildings, leading to separate contracts of insurance as to each building. *Id.* Here, as in *Sunrise*, the 221 and 211 buildings are listed on separate declarations pages, each subject to a different premium and coverage amount. As such, the two properties are effectively covered by separate insurance contracts, meaning that the amount recoverable for a loss affecting one property must be determined independently of any loss affecting the other. An independent coverage determination for each property is thus required.

At this time, however, the Court is unable to decide whether the losses to the 211 building are covered under the policy. Critical issues pertaining to coverage remain, including (1) whether the water damage to the 211 building was caused by a covered peril; (2) whether Pernas breached her post-loss obligations by failing to preserve the property from further damage at and after the time of loss; and (3) whether Pernas breached her post-loss obligations by failing to cooperate in the investigation of her claim. Pernas's evidence on summary judgment, which consists of a few exhibits to her motion, none of which addresses these material questions, fails to establish coverage for the 211 building as a matter of law. Therefore, because appraisal is

appropriate only after the Court resolves all underlying coverage issues, which it cannot do based on the evidence at hand, Pernas's motion for summary judgment is denied.

## IV.   CONCLUSION

For the foregoing reasons, it is ordered and adjudged that Pernas's Motion for Summary Judgment [D.E. 20] is denied.

Done and ordered in chambers at Miami, Florida, this  8th   day of February, 2016.

                                                K. MICHAEL MOORE
                                                CHIEF UNITED STATES DISTRICT JUDGE

c:   Counsel of record